**RONG ZHENG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–2124–ag.**

United States Court of Appeals, Second Circuit.

March 4, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Tina Howe, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa Arnold, Senior Litigation Counsel; Luis E. Perez, Attorney; Schwanda Rountree, of Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Rong Zheng, a citizen of the People's Republic of China, seeks review of a May 3, 2007 order of the BIA affirming the October 18, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Zheng,* No. A 98 769 708 (B.I.A. May 3, 2007), *aff'g* No. A 98 769 708 (Immig. Ct. N.Y. City, Oct. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74. In addition, the Court generally will not disturb adverse credibility determinations that are "based on specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ram-*

*sameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "'specific, cogent' reasons" that "bear a legitimate nexus to the finding." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ A review of the evidence in this case indicates that the agency's adverse credibility finding is supported by substantial evidence. Zheng testified that his wife had the x-ray performed because she wanted to obtain evidence to support his asylum application in the United States. He did not, however, explain why she went to the hospital to have the x-ray taken when her physical condition was "very bad," given that he did not need that documentation until he immigrated to the United States five-and-a-half years later. Accordingly, the IJ reasonably found it implausible that Zheng's wife had the x-ray taken only three days after she was forcibly sterilized and so long before Zheng immigrated to the United States, particularly given that she was in poor health. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir.2007).

It was reasonable for the IJ to rely on the inconsistency between Zheng's testimony that his wife mailed him the x-ray in March 2005 and his submission of a U.S. physician's evaluation of the x-ray that was conducted in February 2005. Zheng claimed that he had remembered the date incorrectly. Given that his asylum application and testimony included specific dates for several events that had taken place some time ago, it was not unreasonable for the IJ to discredit Zheng's claim of faulty memory of an event that had taken place

only six months previously. *Majidi*, 430 F.3d at 80–81. This discrepancy, though perhaps minor, further undermines Zheng's credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).

Additionally, Zheng's failure to submit his wife's sterilization certificate was another factor demonstrating his lack of credibility. Because Zheng asserted that his wife received a sterilization certificate, yet failed to produce it in evidence, it was reasonable for the IJ to rely on the lack of this particular corroboration to support the adverse credibility finding. *See Liang Chen v. U.S. Attorney Gen.*, 454 F.3d 103, 107 (2d Cir.2006).

■ The IJ found that the same photograph of Zheng's wife appearing on two documents, the U.S. physician's report and the x-ray taken six-and-a-half years earlier, "cast[s] further doubt . . . on the reliability of this evidence." Without more information, we cannot say that this was a reasonable inference to be drawn. *See Li Zu Guan v. INS*, 453 F.3d 129, 139 (2d Cir.2006) (finding that the IJ's conclusion that the use of the same photograph on two documents reduced the applicant's credibility was an "unjustified assumption"). That said, considering the IJ's analysis as a whole, we find no basis to remand this case because we can confidently predict that on remand the agency would reach no different result. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005).[2]

■ Because Zheng was unable to show the objective likelihood of persecu-

---

**2.** Because Zheng's claims for relief from persecution, as articulated in this record, are based solely on the assertion that his wife was sterilized, a ground that no longer lies following our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308–10 (2d Cir.2007)

(en banc), which was issued after the petition in this case was filed, it is doubtful that Zheng's claim would survive on remand even if it were sent back to the agency for further consideration.

tion needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal or relief under CAT that were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991). To the extent Zheng argued that he is eligible for CAT relief based on his illegal departure from China, he has failed to present a meaningful challenge to the agency's denial of relief on that basis and any such argument will be deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DISMISSED as moot.